JAMES WILLIAM GRICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grice v. Commissioner
Docket No. 22757-81; 6117-84.
United States Tax Court
T.C. Memo 1989-33; 1989 Tax Ct. Memo LEXIS 33; 56 T.C.M. (CCH) 1123; T.C.M. (RIA) 89033; January 18, 1989. James William Grice, pro se. Richard D. Ames, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION [1]
GERBER, Judge: Respondent, in notices of deficiency dated June 12, 1981, and December 8, 1983, determined deficiencies in income tax and additions to tax in these consolidated [2] cases, as follows: Addition to tax Year
Income Tax
Sec. 6653(b) [3]
1977
$ 153,519.00
$  76,760.00
1978
701,736.70
350,868.35
1979
91,433.90
45,716.95
*34 The issues presented for our consideration are whether petitioner had understatements of income in the amounts determined by respondent and whether the additions to tax for fraud are applicable for any of the 3 taxable years. This case was called for trial at Dallas, Texas, following approximately 5 months of notice to the parties and a telephonic conference with the parties. Petitioner did not appear at the appointed time and date and respondent moved to dismiss for lack of prosecution as to the underpayments. Additionally, respondent offered evidence in support of his determination that petitioner's underpayments of tax were made with the intent to defraud within the meaning of section 6653(b). Petitioner resided in Rosharon, Texas, at the time of filing the petitions in these cases. Petitioner filed a Federal individual income tax return (Form 1040) for 1977 wherein he listed his occupations as "CORP[orate]OFF[icer]." Petitioner reported $ 35,909 in wages on his 1977 return. Petitioner failed to file returns for his 1978 and 1979 taxable years. On June 10, 1981, petitioner was convicted and sentenced to imprisonment for several felonies he committed during the *35 taxable years in issue. He was indicted during 1981 and each of the three indictments contained numerous counts involving "theft of property" all of which fell into three general categories, to wit: (1) False representations about the purchase of fireworks in order to exercise control over the currency of another; (2) false representations about the existence of accounts receivable to exercise control over currency of others; and (3) issuance of checks with insufficient funds. Petitioner's convictions were affirmed by the Appellate Court of the State of Texas. Based upon information connected with petitioner's criminal activity and other information, respondent determined that the income reported by petitioner for 1977 was understated by $ 257,180 and that petitioner failed to file and to report income of $ 1,023,562 and $ 152,738 for 1978 and 1979, respectively. Based upon these understatements of income, respondent determined the income tax deficiencies for 1977, 1978 and 1979. Respondent conducted an audit of petitioner's 1977, 1978 and 1979 taxable years and petitioner failed to provide any information, books or records concerning his income producing activity. A presumption *36 of correctness attaches to respondent's determination of a deficiency. . In general, taxpayers bear the burden of proof. Rule 142(a). A taxpayer fails to meet this burden when he fails to offer any evidence to rebut the presumption of correctness afforded to respondent's determination in the notice of deficiency. ; ; Rule 142(a). Petitioner failed to appear and properly prosecute this matter or to comply with our pretrial order. We hold that petitioner has failed to show that respondent's determination of the understatements is in error due to his failure to appear and present evidence. Accordingly, we find that the understatements of income determined by respondent for the taxable years 1977, 1978 and 1979 are correct. Respondent determined additions to tax under section 6653(b) for each of the 3 taxable years in issue. That section provides, in part, "If any part of any underpayment * * * of tax * * * is due to fraud, there shall be added to the tax an amount equal to 50 percent of the *37 underpayment." Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To establish fraud respondent must show that the taxpayer acted with intent to evade a tax believed to be owing. , supplemented . That burden is met if it is shown that the taxpayer intended to evade tax known to be owing by conduct the likely result of which is to conceal, mislead, or otherwise prevent the collection of such taxes. , cert. denied ; , affg. a Memorandum Opinion of this Court; . The presence of fraud is a question of fact to be determined from the entire record. , affd. without published opinion ; ; . *38 Fraud is never presumed but must be established by affirmative evidence. . Fraud may be established by circumstantial evidence because direct proof of a taxpayer's intent is rarely available and his entire course of conduct may be examined to determine whether the fraudulent intent is present. ; . For 1977 petitioner reported gross income of $ 35,909 and tax of $ 8,675, whereas his correct income and tax liability were $ 293,098 and $ 162,377, respectively. For the 1978 and 1979 taxable years petitioner did not file or report income of $ 1,023,562 and $ 152,738, respectively. Petitioner's course of conduct constitutes a 3-year pattern of concealment of income and tax liability. A repeated pattern of failure to report substantial amounts of income is evidence of fraudulent intent. , affg. a Memorandum Opinion of this Court; . Failure to file for 2 consecutive *39 years where a taxpayer has large amounts of income "is persuasive circumstantial evidence of fraud." . The repeated failure to file, coupled with failure to maintain or present records to respondent's agents is evidence of an attempt to conceal income and manifests an intent not to pay the tax. . The unreported income was from illegal sources and that may be considered in the overall evaluation of petitioner's fraudulent intent. In , we said: Other evidence of petitioner's intent to evade tax is reflected by the circumstances of the understatement. Petitioner was convicted of various crimes relating to his transactions with the New York City Board of Education. While evidence that a taxpayer was attempting to defraud another in a business transaction may not be direct evidence of fraud with intent to evade tax * * *, the Court is entitled to consider such evidence along with other evidence in determining the intent of the taxpayer in doing certain acts, because it is a fair inference *40 that a man who will misappropriate another's funds to his own use through misrepresentation and concealment will not hesitate to misrepresent and conceal his receipt of those same funds from the Government with intent to evade tax. , affd. , cert. denied . * * *
The crimes of which petitioner in this case was convicted involve moral turpitude and can be considered in determining whether there was deliberate failure to report his correct taxable income in 1977 and to file returns and report income for 1978 and 1979. In view of the foregoing, we find that respondent has carried his burden of showing that petitioner's understatements for 1977, 1978 and 1979 were fraudulent with intent to evade tax. To reflect the foregoing, Decisions will be entered for the respondent in docket Nos. 22757-81 and 6117-84.
Footnotes
1. Our fact findings and opinion are combined for convenience.↩
2. These cases both involve the same petitioner and concern related events for 1977, 1978 and 1979. The cases were consolidated for purposes of trial, briefing and opinion by order pursuant to respondent's oral motion. ↩
3. Section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. Rule references are to this Court's Rules of Practice and Procedure.↩